**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION**

IN RE:                                                                    Case No.:19-22833-MAM

MATTHEW STANLEY CARTER                                  Chapter 7


_____Debtor._____/


**MOTION FOR RELIEF FROM AUTOMATIC STAY**


    **COMES NOW,** Ditech Financial Inc., hereinafter referred to as "Movant", seeking modification of the automatic stay in this case in order to exercise any and all rights Movant may have in the collateral described below, or in the alternative, adequate protection, and for cause would show the Court as follows:

    1.    On September 26, 2019, Matthew Stanley Carter (hereinafter referred to as "Debtor"), filed for relief under Chapter 7 of the Bankruptcy Code.

    2.    Jurisdiction of this cause is granted to the Bankruptcy Court pursuant to 28 U.S.C. §1334, 11 U.S.C. §362 and all other applicable rules and statues affecting jurisdiction of the Bankruptcy Courts generally.

    3.    On August 1, 2018, Movant filed a foreclosure action in the case styled Ditech Financial LLC vs. Matthew S. Carter; Mortgage Electronic Registration Systems, Inc. as Nominee for Countrywide Home Loans, Inc., Case Number 2018-CA-000580 (Indian River County Circuit Court).

    4.    On May 28, 2019, the Circuit Court entered a Final Summary Judgment of Foreclosure.  The total amount due on the Final Summary Judgment of Foreclosure is $77,658.05, plus post-judgement interest, fees and cost.  A copy of the Final Summary

Judgment of Foreclosure is attached as Exhibit "**A**".

5.     Movant has a lien for the grand total sum specified in the Final Judgment of Foreclosure.  The lien was determined to be a first mortgage lien and encumbers the subject property located in Indian River County, Florida and described as:

Lot 1 of CHURCHILL DOWNS, according to the Plat thereof as recorded in Plat Book 6, Page(s) 48, of the Public Records of Indian River County, Florida.

6.     Debtor has defaulted under the terms of the Agreement by failing to make the payments as required under the Agreement. The account is currently due for the November 1, 2017 payment. The current delinquency as of September 28, 2019 is $18,517.03 through and including the September 30, 2019 payment, late fees and credit for unapplied funds. The current monthly payment is $824.59 which consists of principal, interest, and escrow. The payoff is $84,671.91 as of September 28, 2019.

7.     According to Indian River Country Property Appraiser, the appraised value of the property is $80,142.00. See Exhibit "B" which is attached hereto and permissible as a property valuation under Fed. R. Evid. 803(8).

8.     Based upon the Debtor's schedules, the Subject Property is claimed as non-exempt. The Trustee has not abandoned the property.

9.     The Statement of Intentions filed in this case by the Debtor(s) provides for surrender of the Collateral under section 521(a)(2)(A) of the Bankruptcy Code. Accordingly, the Debtor(s) must surrender the Collateral to the Movant as lienholder such that the Debtor(s) make the Collateral available to the Movant and give up any rights to the Collateral, including the right to defend or contest any related state court foreclosure and or replevin action. Movant requests that any order granting relief from stay provide that the Debtor(s) is/are precluded from defending or taking any overt act

that impedes the Movant's ability to foreclosure its interest in the Collateral and pursue its in rem contractual state court rights in any foreclosure and or replevin action. *In re Failla*, 383 F.3d 1170 (11 Cir. 2016).

10.    Movant's security interest in the subject property is being significantly jeopardized by Debtor's failure to comply with the terms of the subject loan documents while Movant is prohibited from pursuing lawful remedies to protect such interest. Movant has no protection against the erosion of its collateral position and no other form of adequate protection is provided.

11.    If Movant is not permitted to enforce its security interest in the collateral or be provided with adequate protection, it will suffer irreparable injury, loss, and damage.

12.    Movant further requests this Court grant it relief from the Automatic Stay in the case pursuant to §362(d)(1) of the Bankruptcy Code, for cause, namely the lack of adequate protection to Movant for its interest in the above stated collateral. The value of the collateral is insufficient in and of itself to be provided to the Movant. Movant additionally seeks relief from the Automatic Stay pursuant to §362(d)(2) of the Bankruptcy Code, as the collateral is unnecessary to an effective reorganization of the Debtor's assets. In addition, since the Debtor has surrendered the Collateral, the Debtor has no incentive to adequately protect the Collateral.

13.    Movant has incurred court costs in the amount of $181.00 and attorney's fees in the amount of $750.00 in this proceeding and will incur additional fees, costs and expenses in foreclosing the Mortgage and in preserving and protecting the property, all of which additional sums are secured by the lien of the Mortgage. Movant seeks an award of its reasonable attorneys' fees and costs, or alternatively, leave to seek recovery of its

reasonable attorneys' fees and costs in any pending or subsequent foreclosure proceeding.

14.    A Proposed Order accompanies this Motion. See Exhibit "**C**" attached hereto.

WHEREFORE, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. §362(d) to permit Movant to take any and all steps necessary to exercise any and all rights it may have in the collateral described herein, to gain possession of said collateral, to waive the 14-day stay imposed to Fed.R.Bankr.P. 4001(a)(3), to seek recovery of its reasonable attorneys' fees and costs incurred in this proceeding, and to any such further relief as this Honorable Court deems just and proper.

**DATED** this 11th day of October, 2019.

Respectfully submitted,

/S/ Seth Greenhill

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished to the parties on the attached Service List by electronic notice and/or by First Class U.S. Mail on this 11th day of October 2019:

/S/ Seth Greenhill

_____

SETH GREENHILL, ESQ.
Florida Bar # 97938
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
SGreenhill@padgettlaw.net
*Attorney for Creditor*

## SERVICE LIST (CASE NO. 19-22833-MAM)

*Debtor*
 Matthew Stanley Carter
3105 18th Street
Vero Beach, FL 32960

*Attorney*
David L. Merrill, Esq.
The Associates
1525 Prosperity Farms Road, Suite B
West Palm Beach, FL 33403

*Trustee*
Nicole Testa Mehdipour
United States Bankruptcy Trustee
200 East Broward Blvd.
Suite 1110
Ft Lauderdale, FL 33301

*U.S. Trustee*
Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

IN THE CIRCUIT COURT FOR THE
NINETEENTH JUDICIAL CIRCUIT IN AND
FOR INDIAN RIVER COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**DITECH FINANCIAL LLC**

      Plaintiff(s),

vs.

                                               **CASE NO.: 2018 CA 000580**

**MATTHEW S. CARTER;**
                                            312018CA000580XXXXXX
**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. AS NOMINEE FOR
COUNTRYWIDE HOME LOANS, INC.;**

      Defendant(s).
_____/

## FINAL JUDGMENT OF FORECLOSURE

This action was heard before the Court on **May 21, 2019**, and on the evidence presented and being otherwise duly advised in the premises,

**IT IS ORDERED AND ADJUDGED** that:

1.     **Final Judgment**. There is no dispute of material facts and Plaintiff is entitled to entry of final judgment

2.     **Amounts Due**. Plaintiff, **Ditech Financial LLC**, whose address is 3000 Baypoint Drive, Suite 880, Tampa, Florida 33607, is due:

Ditech Financial LLC vs. Matthew S. Carter
TDP File No. 18-003639-1

Exhibit "A"

| | | | |
|---|---|---|---|
| Principal due on the note secured by the mortgage foreclosed | $ | 66,507.14 | |
| Interest on the note and mortgage from 10/01/2017 to 05/21/2019 per diem ($12.53) | $ | 7,490.11 | |
| Late Fees | $ | 245.96 | |
| | | | |
| **SUBTOTAL:** | | | $ 74,243.11 |
| **Escrow Breakdown** | | | |
| Beginning Balance | $ | (7.03) | |
| | | | |
| **Taxes** | | | |
| Taxes | $ | 550.24 | |
| | | | |
| **Insurance** | | | |
| 2017 Hazard/Fire Insurance | $ | 2,676.73 | |
| | | | |
| **Escrow Balance** | | | $ 3,219.94 |
| **Advances** | | | |
| Property Inspection | $ | 195.00 | |
| | | | |
| **Total Advances** | | | $ 195.00 |
| | | | |
| **GRAND TOTAL** | | | $ 77,658.05 |

3.     **Interest**.  The total amount in paragraph 2 shall bear interest at the legal rate, which was 6.57% per annum as of April 1st, 2019.

4.     **Lien on Property**.  Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), (with the exception of any assessments that are superior pursuant to Section 718.116, or 720.3085, Florida Statutes) on the following described property in Indian River County, FL:

**Lot 1 of Churchill Downs, according to the plat thereof as recorded in Plat**

. **Book 6, Page(s) 48, of the Public Records of Indian River County, Florida.**
Property address: 3105 18th Street, Vero Beach, FL 32960

5.    **Sale of Property**.  If the total sum with interest at the rate described in Paragraph

3 and all costs accrued subsequent to this judgment are not paid, the Clerk of this

Court    shall    sell    the    subject    property    at    public    sale    on

_____July 8, 2019_____, to the highest bidder for cash, except as

prescribed in paragraph 6,:

_____ at the courthouse located at 2000 16th Avenue, Vero Beach, FL 32960 in Indian

River County in Vero Beach, Florida, beginning at 10:00 AM

_____ by electronic sale at at www.indianriver.realforeclose.com beginning at 10:00 AM

in accordance with Section 45.031, Florida Statutes.  **The public sale shall not be**

**postponed or canceled without a court order. All orders postponing or**

**cancelling the sale must be filed with the clerk of court no later than 5:00**

**p.m. five (5) business days before the sale date.  Counsel for plaintiff must be**

**certain that all sale and clerk fees are paid and that the original proof of**

**publication is filed no less than five (5) business days before the sale date.**

**Failure to timely file the original proof of publication of the notice of sale and**

**pay the sale and clerk fees will not stop the sale. Additionally, the failure of**

**plaintiff's counsel to pay the sale fee and properly and timely publish the** .

**notice of sale may result in sanctions against the plaintiff, plaintiff's counsel**

**individually, and the law firm representing the plaintiff.**

Any electronic sale by the clerk shall be in accordance with the written

administrative policy for electronic sales published by the clerk at the official website for the clerk and posted in the public areas of the clerk's offices.

6.   **Costs.**  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.   If plaintiff is the purchaser, plaintiff shall file an affidavit within 5 business days and the clerk shall credit the plaintiff's bid with the total sum with post-judgment interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full. The clerk shall receive the service charge imposed in Section 45.031, Florida Statutes.

7.   **Distribution of Proceeds.**   On filing the certificate of title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 3 from this date to the date of sale; and by retaining any remaining amount pending the further order of this court.

8.   **Right of Redemption.**   On filing the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under chapter 718 or chapter 720, Florida Statutes, if any.

9. **Right of Possession**. Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property. If any defendant or tenant remains in possession of the property. An Order Granting the Motion for Writ of Possession shall be entered without further notice or hearing, subject to the purchaser's compliance with Section 83.561, Florida Statutes.

10. **Jurisdiction Retained**. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment, writs of possession and such supplemental relief or judgments as may be appropriate.

11. Plaintiff incurred attorneys' fees during the prosecution of this action, but has chosen to forego having the court include said fees in the final judgment. Therefore, the Court renders no opinion as to the reasonableness of the fees and make no provision for said fees in this final judgment.

12. If Proceeds are to be distributed to Plaintiff or Plaintiff's Counsel, the Clerk is authorized to issue a single check made payable to counsel for Plaintiff.

13. **If the Plaintiff is the purchaser at the sale, the Plaintiff may assign its bid to a third party assignee by recording and filing an Assignment of Bid and the Clerk of Court is hereby directed to issue a Certificate of Title to the assignee named therein.**

14. Notwithstanding the foregoing, the rights of any condominium or homeowners' association to collect unpaid assessments from any subsequent title holder, including the first mortgage holder, shall be preserved and shall be governed as

provided in Section 718.116 and 720.3085, Florida Statutes, subject to limitations

as set-forth in *Coral Lakes Community Association, Inc. v. Busey Bank, N.A.*, 30

So. 3d 579 (Fla. 2d DCA 2010).

15.     The Court retains jurisdiction of this action to enter further orders that are proper,

including, without limitation, writs of possession, deficiency judgments, re-

foreclosure or a supplemental complaint to add an omitted party post-judgment.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT FOR INDIAN RIVER COUNTY, TELEPHONE: (772) 770-5185, 2000 16TH AVENUE, VERO BEACH, FL 32960, WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT FLORIDA RURAL LEGAL SERVICES, 510 SOUTH US HIGHWAY 1, SUITE 1, FORT PIERCE, FL 34950, 772-466-4766, TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL**

AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT
FLORIDA RURAL LEGAL SERVICES, YOU SHOULD DO SO AS SOON AS POSSIBLE
AFTER RECEIPT OF THIS NOTICE.

DONE and ORDERED on 5-21-19 at (city), Florida.

_____
Circuit Court Judge

Copies furnished by e-portal to: See Attached Service List
Plaintiff's counsel shall serve paper copies on all Defendants not otherwise served by U.S. Mail
to: See Attached Service List
**SERVICE LIST FOR FINAL JUDGMENT OF FORECLOSURE**
**(Indian River County Case No.: 2018 CA 000580)**

Padgett Law Group, Attorney for Plaintiff
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
attorney@padgettlawgroup.com

Matthew S. Carter
3105 18th Street
Vero Beach, FL 32960

Mortgage Electronic Registration Systems, Inc. as nominee for Countrywide Home Loans, Inc.
1200 S Pine Island Road
Plantation, FL 33324

# Data For Parcel 33390300031000000001.0

## History Data

| | |
|---|---|
| Parcel: | 33390300031000000001.0 |
| Owner: | CARTER MATTHEW S |
| Site Address: | 3105 18TH ST VERO BEACH, FL 32960 |



[+] Map this property.

## Exemptions

| Exemption Type | Description |
|---|---|
| HEX | Exemption of Homestead |

## History

| Year | History Value By | Property Use | Land Just Value | Land Class Value | Improvement Value | CAMA Value | Taxes |
|---|---|---|---|---|---|---|---|
| 2018 | | 0100 | $15,216 | $0 | $64,926 | $80,142 | $573.17 |
| 2017 | | 0100 | $15,216 | $0 | $60,564 | $75,780 | $565.08 |
| 2016 | C | 0100 | $12,960 | $0 | $57,240 | $70,200 | $555.29 |
| 2015 | C | 0100 | $12,960 | $0 | $45,810 | $58,770 | $565.32 |
| 2014 | C | 0100 | $12,200 | $0 | $41,550 | $53,750 | $521.00 |
| 2013 | C | 0100 | $11,590 | $0 | $41,560 | $53,150 | $500.59 |
| 2012 | C | 0100 | $12,600 | $0 | $35,350 | $47,950 | $477.37 |
| 2011 | C | 0100 | $12,600 | $0 | $41,600 | $54,200 | $546.75 |
| 2010 | C | 0100 | $15,120 | $0 | $49,910 | $65,030 | $631.95 |
| 2009 | C | 0100 | $20,160 | $0 | $52,010 | $72,170 | $603.59 |
| 2008 | C | 0100 | $35,270 | $0 | $57,020 | $92,290 | $576.85 |
| 2007 | C | 0100 | $35,740 | $0 | $72,600 | $108,340 | $688.12 |
| 2006 | C | 0100 | $39,450 | $0 | $74,230 | $113,680 | $681.53 |
| 2005 | C | 0100 | $28,180 | $0 | $59,330 | $87,510 | $699.23 |
| 2004 | C | 0100 | $18,320 | $0 | $56,430 | $74,750 | $681.93 |
| 2003 | C | 0100 | $13,240 | $0 | $50,180 | $63,420 | $691.66 |
| 2002 | C | 0100 | $13,240 | $0 | $44,210 | $57,450 | $656.10 |
| 2001 | C | 0100 | $13,240 | $0 | $40,580 | $53,820 | $646.41 |
| 2000 | C | 0100 | $12,680 | $0 | $32,130 | $44,810 | $486.05 |
| 1999 | C | 0100 | $12,680 | $0 | $32,140 | $44,820 | $480.33 |
| 1998 | C | 0100 | $12,680 | $0 | $31,440 | $44,120 | $482.21 |
| 1997 | C | 0100 | $12,680 | $0 | $31,600 | $44,280 | $465.29 |
| 1996 | C | 0100 | $12,680 | $0 | $30,010 | $42,690 | $450.35 |
| 1995 | C | 0100 | $12,680 | $0 | $30,010 | $42,690 | $436.19 |
| 1994 | C | 0100 | $9,370 | $0 | $30,410 | $39,780 | $410.05 |
| 1993 | C | 0100 | $9,370 | $0 | $30,160 | $39,530 | $376.57 |
| 1992 | C | 0100 | $9,860 | $0 | $30,070 | $39,930 | $376.48 |
| 1991 | C | 0100 | $9,860 | $0 | $30,830 | $40,690 | $387.19 |
| 1990 | C | 0100 | $8,460 | $0 | $31,340 | $39,800 | $357.55 |

Report Discrepancy

GIS parcel shapefile last updated 10/2/2019 5:09:52 PM.
The CAMA data presented on this website is current as of 10/2/2019 11:06:11 PM.

Exhibit "B"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

IN RE:                                                            Case No.:19-22833-MAM

 MATTHEW STANLEY CARTER                        Chapter 7


_____Debtor._____/


**ORDER GRANTING**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**


This case is before the Court upon the Motion for Relief from Automatic Stay [D.E. ___], filed

by creditor Ditech Financial Inc., and hereinafter referred to as "Movant". No appropriate

response having been filed in accordance with Local Rule 2002-4, it is:

        ORDERED:

Exhibit "C"

1.      The Motion is GRANTED.

2.      The automatic stay imposed by 11 U.S.C. §362 is lifted as to Movant, and it may

proceed with the enforcement of its security interest upon the following property:

**ALL THAT CERTAIN PROPERTY LOCATED AT 3105 18TH STREET, VERO BEACH, FL 32960 AND MORE ACCURATELY DESCRIBED BY ITS LEGAL DESCRIPTION WHICH IS:**

Lot 1 of CHURCHILL DOWNS, according to the Plat thereof as recorded in Plat Book 6, Page(s) 48, of the Public Records of Indian River County, Florida.

3.      The order granting relief from stay is entered for the sole purpose of allowing Movant complete *in rem* relief to take any and all steps necessary to exercise any and all rights it may have in the collateral, to gain possession of said collateral, to have such other and further *in rem* relief as is just, and that Movant shall not obtain *in personam* relief against the debtor.

4.      The Debtor is precluded from defending or taking any overt act that impedes Movant's ability to foreclosure its interest in the Collateral and pursue its in rem contractual state court rights in any foreclosure/replevin action. The Court retains jurisdiction to enforce and interpret the terms of this Order. *In re Failla*, 383 F.3d 1170 (11 Cir. 2016)

5.      The Movant made sufficient allegations and a request in the Motion for Relief from Stay to waive the 14 day stay requirement of Bankruptcy Rule 4001(a)(3). No objection being raised, the automatic stay shall be lifted immediately upon execution of this order.

6.      This Order will survive any conversion in the instant case.

**Attorney Seth J. Greenhill is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.**

Order prepared by:
Seth J. Greenhill, Esq.
Padgett Law Group
Seth.Greenhill@padgettlawgroup.com